IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JEFFERY FARROW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 317-010 |
| ) | |
| JOSE MORALES, Warden, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Coastal State Prison in Garden City, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.    BACKGROUND**

Petitioner commenced this action by submitting a six-page, handwritten petition dated October 29, 2016. (See doc. no. 1.) Notably, however, the envelope in which the petition arrived at the Clerk of Court on February 13, 2017, is post-marked February 9, 2017, and originally went to an incorrect address in Dublin, Georgia. (Id. at 7.) Petitioner did not pay the $5.00 filing fee or include a motion to proceed *in forma pauperis* ("IFP") with his petition. The same day the petition was filed in Augusta, the Clerk of Court sent Petitioner a deficiency notice explaining he must, within twenty-one days, either pay the $5.00 filing fee or submit the enclosed IFP motion. (Doc. no. 2.) The Clerk's notice also stated, "Failure to

comply with this notice may result in dismissal by the Court." (Id.)  Petitioner did not respond.

## II.  DISCUSSION

### A.  The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies.

The procedural history of Petitioner's underlying case, as well as the exact nature of Petitioner's claims for federal habeas relief, are not clear because Petitioner did not use the standard form for seeking relief under § 2254.  Nevertheless, the Court can discern the following.

Petitioner states he pleaded guilty to an armed robbery committed on October 31, 2014, was sentenced to a twenty-year term of imprisonment, and began serving his sentence on August 27, 2015.  (Doc. no. 1, p. 3.)  Further, Petitioner asserts he filed a motion for post-conviction relief sometime in the fall of 2015, but the Clerk of the Superior Court of Telfair County told Petitioner no such motion had been received.  (Id.)  Thus, Petitioner believes prison officials have tampered with his mail, so he claims to have sent the current petition to the Court and his family to "assure that this petition will be delivered."  (Id.)  Public court records from Telfair County, however, show that a motion for post-conviction relief was filed on Petitioner's behalf on April 1, 2016, and again on December 15, 2016.  See http://telfairclerkofcourt.com (follow "Criminal Search" hyperlink; then search "Farrow, J" (results attached hereto as Ex. A)).  An order entered in the underlying case on December 23, 2016.  (Id.)

Although the reason for the delay between the October 26, 2016 signature date and February 9, 2017 postmark date is unclear, it seems as though it may have been due to Petitioner sending his petition to family members rather than directly to the Court.  Alternatively, the petition may not have timely reached the Court because the Certificate of Service indicates Petitioner incorrectly mailed his petition to the offices of the United States Attorney in

Savannah, Georgia, rather than to the Court. (Id. at 6.)

Petitioner claims he never wanted to enter a guilty plea, but his counsel, working together with family members, convinced him to take a plea agreement on the theory that the judge would give him a sentence of less than twenty years in prison. (Id. at 2-3.) Petitioner is not happy he received a twenty-year sentence, and he now wishes he had gone to trial instead of taking the plea agreement. Therefore, he claims his plea was involuntary and that he received ineffective assistance of counsel. Other than his attempt at post-conviction relief in the trial court, Petitioner does not indicate that he pursued a direct appeal or sought state habeas corpus relief.

### 1. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

**2.    Petitioner Failed to Exhaust State Remedies.**

Petitioner does not allege that he has exhausted his state court remedies. To the contrary, as explained above, the federal petition does not describe any efforts, beyond an attempt at post-conviction relief in the trial court, to pursue further direct appellate proceedings or state habeas corpus relief. (See generally doc. no. 1.) To the extent Petitioner alleges that prison officials have tampered with his mail such that he has been prevented from seeking post-

4

conviction relief, the unsubstantiated, conclusory allegations ring hollow. Not only did his current federal filing eventually make it to this Court even though the Certificate of Service shows he originally mailed it to the wrong federal entity and then to an incorrect address, but also because he states he has been able to send documents to his family to file for him. Furthermore, the attached court docket from Telfair County suggests Petitioner's motion for post-conviction relief *did* reach the trial court.

Moreover, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning an involuntary guilty plea and ineffective assistance of counsel. See Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010); Davis v. State, 561 S.E.2d 119, 119-20 (Ga. 2002); Goodwin v. Knighten, 387 S.E.2d 887, 887 (Ga. 1990); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations. As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice.

### B. The Petition Also Should Be Dismissed Because Petitioner Failed to File an IFP Motion or Pay the $5.00 Filing Fee.

As described above, the Clerk of Court informed Petitioner of the need to file an IFP motion or pay the $5.00 filing fee and warned Petitioner that failure to comply could result in dismissal of this case without prejudice. (Doc. no. 2.) Nevertheless, Petitioner has not submitted an IFP motion or paid the filing fee. In fact, he has not communicated with the Court at all.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."); Loc. R. 4.1 (commencing civil action requires payment of filing fee or filing IFP motion and failure to respond to Clerk's deficiency notice may result in dismissal by the Court). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Thus, even if Petitioner had exhausted state remedies, which he has not, his case is also subject to dismissal for failure to pay the filing fee or submit a motion to proceed IFP.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6